# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MATTHEW JOHNSON | CIVIL ACTION NO. 16-1240 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TRANS UNION, LLC and DEFENSE FINANCE AND ACCOUNTING SERVICE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion to dismiss, filed by Defendant Defense Finance and Accounting Service ("DFAS"). See Record Document 21. Arguing a lack of subject matter jurisdiction, DFAS seeks dismissal of Matthew Johnson's ("Johnson") claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1). Johnson has filed an opposition to the motion to dismiss, Record Document 23, to which DFAS has replied, Record Document 24. For the reasons that follow, DFAS's motion to dismiss shall be **DENIED**.

## FACTUAL BACKGROUND

According to Johnson's complaint, he was a member of the Texas National Guard in 2007. He was scheduled to attend drill in August 2007. The August drill was cancelled, and Johnson attended drill in November 2007 instead. DFAS, a federal agency, paid Johnson for the August drill he did not attend, but did not pay him for the November drill that he did attend. Therefore, Johnson was ultimately paid the correct amount for the number of drills he attended.

1

In 2014, Johnson received a letter from DFAS seeking reimbursement of the payment for the August 2007 drill he did not attend. Johnson has repeatedly sought to explain the circumstances to DFAS, that is, that he was not overpaid at all. Nonetheless, DFAS reported the debt to Trans Union, Experian, and Equifax, all of which are credit reporting agencies. The debt was noted as a "derogatory, charged off debt." In October 2015, Johnson disputed Trans Union's inclusion of the debt on his credit report, thus requiring Trans Union to perform a reasonable investigation of the dispute under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Johnson then brought suit under the FCRA, alleging that both Trans Union and DFAS violated multiple provisions of that Act which require reasonable investigations be conducted into both the debt and the dispute. As a result of the alleged failure to comply with the FCRA, coupled with the fact that the debt has remained on his credit report, Johnson seeks damages under the FCRA.

DFAS, a federal government agency within the Department of Defense, filed the instant motion to dismiss, arguing that the Court lacks subject matter jurisdiction over Johnson's claims because the United States has not waived sovereign immunity for FCRA claims. The Court disagrees.

## **LAW AND ANALYSIS**

I. <u>Federal Rule of Civil Procedure 12(b)(1)</u>.

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint

alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See id. In reviewing a Rule 12(b)(1) motion to dismiss, "the district court is empowered to consider matters of fact which may be in dispute." Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). If sovereign immunity is not expressly waived under the FCRA, this Court is deprived of subject matter jurisdiction over Johnson's claims against DFAS. See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007) (holding that the absence of a waiver of sovereign immunity is a jurisdictional defect).

II.  Sovereign Immunity.

"In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." Id. (quoting Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007)). "Sovereign immunity shields the United States

from suit absent a consent to be sued that is 'unequivocally expressed.'" United States v. Bormes, 568 U.S. 6, 9-10 (2012) (quoting United States v. Nordic Village, Inc., 503 U.S. 30, 33–34 (1992)). A waiver of sovereign immunity will not be implied; rather, it must be unequivocally expressed in statutory text. Wagstaff, 509 F.3d at 664. A waiver is strictly construed in favor of the sovereign. Id. Without a waiver of sovereign immunity, "the federal government is immune from suit." Id.

III. The FCRA.

Johnson instituted the instant action under the provisions and remedies of the FCRA. The FCRA imposes liability on any "person" who willfully or negligently fails to comply with the Act's requirements. 15 U.S.C. §§ 1681n(a), 1681o(a). The term "person" is defined as "any individual, partnership, corporation, trust, estate, cooperative, association, *government or governmental subdivision or agency*, or other entity." 15 U.S.C. § 1681a(b) (emphasis added). The question before the Court is whether the inclusion of "government" and/or "governmental subdivision or agency" waives the United States's sovereign immunity under the FCRA.

Despite the statute's explicit use of the terms "government" and "governmental . . . agency," DFAS argues that the language of the FCRA is not as unambiguous and unequivocal as it might appear. Further, it asserts that the "structure and history" of the FCRA do not indicate Congress intended to waive sovereign immunity. In other words, DFAS's position is that when Congress truly intends to waive sovereign immunity, it explicitly authorizes recovery against "the United States," as opposed to "the government."

In the absence of such a specification in the FCRA, DFAS contends the terms "government" or "governmental subdivision or agency" are too broad and ambiguous to constitute an unequivocal waiver of sovereign immunity. The Court cannot agree with this untenable interpretation of the statute.

To date, the only appellate court to have considered and decided whether the FCRA waives sovereign immunity found that it did. Indeed, as the Seventh Circuit explained in Bormes v. United States, 759 F.3d 793, 795 (7th Cir. 2014), "[t]he United States is a government. One would suppose that the end of the inquiry. By authorizing monetary relief against *every* kind of government, the United States has waived its sovereign immunity. And so we conclude." Like the government in Bormes, DFAS argues here that the definition of person should not be given its natural meaning; that this Court should examine the structure and history of the FCRA to determine whether Congress intended to waive sovereign immunity; and that the Court must consider the severe and absurd consequences that may result from a finding of waiver (i.e., recovery of punitive damages and criminal liability). Those arguments did not fare well with the Seventh Circuit, nor does this Court find them to be persuasive here. As Bormes stated, "what § 1681a(b) does is waive sovereign immunity for all requirements and remedies that another section authorizes against any 'person.' Congress need not add 'we really mean it!' to make statutes effectual." Bormes, 759 F.3d at 796. Further, with regard to the potential consequences caused by exposure under the Act, "[i]f the interaction of § 1681a(b) and § 1681n(a)(2) creates excessive liability—which it won't if federal officers obey the

statute—then the solution is an amendment, not judicial rewriting of a pellucid definitional clause." Id.

This Court agrees with the sound reasoning of the Seventh Circuit's opinion in Bormes and holds that section 1681a(b) unequivocally waives the United States's sovereign immunity from damages for violations under the FCRA. The Court has reviewed the cases cited by DFAS and has found them unpersuasive for a variety of reasons, including that they predate Bormes; the courts were not tasked with resolving whether the United States is immune from suit; they revolved around issues of state sovereignty, not federal sovereignty; and/or they relied upon outdated law. The Court acknowledges that in the wake of Bormes, there are district court opinions outside of the Fifth Circuit which express disagreement with Bormes's conclusion that sovereign immunity has been waived. However, this Court's finding to the contrary is consistent with at least two district courts within the Fifth Circuit. Indeed, both the Northern District of Texas and the Northern District of Mississippi have reached the conclusion that section 1681a(b) waives sovereign immunity. See Kent v. Trans Union, 2017 WL 3701861 (N.D. Tex. Aug. 25, 2017) and Ingram v. Experian Info. Sols., Inc., 2017 WL 2507694 (N.D. Miss. June 9, 2017), respectively. This Court finds that sovereign immunity has been waived. DFAS's arguments to the contrary are unavailing.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that section 1681a(b) unequivocally waives sovereign immunity. Therefore, this Court has subject matter jurisdiction over

Johnson's claims against DFAS. Accordingly, DFAS's motion to dismiss [Record Document 21] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** on this \_\_\_22\_\_\_ day of March, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT